## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GERALD BROWN,

      Petitioner,

v.                                                    Case No. 3:21-cv-491-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## **ORDER**

### I.   **Status**

Petitioner, Gerald Brown, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner is serving a cumulative thirty-year term of incarceration for eight drug-related offenses. Respondents filed a Response arguing that the case is untimely filed and requesting dismissal with prejudice. See generally Doc. 4 (Resp.).[1] Petitioner replied. See Doc. 5. This case is ripe for review.

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

## II.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. <u>Analysis</u>

On September 25, 2012, a jury found Petitioner guilty of trafficking in cocaine (count one); two counts of trafficking in morphine, opium, oxycodone, heroin, hydrocodone, or their derivatives (counts two and three); possession with intent to sell, manufacture, or deliver a controlled substance (count four); possession of a firearm by a convicted felon (count five); possession of a controlled substance (count six); possession of more than twenty grams of cannabis (count seven); and possession of a controlled substance – paraphernalia (count ten). Resp. Ex. 4. On October 3, 2012, the trial court adjudicated Petitioner as a Habitual Felony Offender and sentenced him to a cumulative thirty-year term of incarceration. <u>Id.</u> Petitioner sought a direct appeal, and on January 27, 2014, the First District Court of Appeal issued an opinion per curiam affirming Petitioner's convictions and sentences. Resp. Ex. 13. Petitioner filed a motion for rehearing, which the First DCA denied on Monday, March 10, 2014. Resp. Ex. 14. Petitioner's judgment and sentence

became final ninety days later on June 9, 2014.[2] His one-year statute of limitations began to run the next day – June 10, 2014.

Petitioner's one-year ran for thirty days until it was tolled on July 10, 2014, when he filed with the trial court a pro se motion under Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. 5. While his Rule 3.800(a) motion remained pending, he filed a "Motion to Vacate Illegal Judgment that Violates the Defendant's Due Process Rights and the Prohibition against Double Jeopardy Due to Fraud on the Court" on December 29, 2016. See State v. Brown, No. 2010-CF-8065 (Fla. 4th Cir. Ct.).[3] On April 14, 2017, the trial court denied Petitioner's July 10, 2014, Rule 3.800(a) motion and his December 29, 2016, motion. Resp. Ex. 6. Although the trial court denied both motions in the April 14, 2017, order, Petitioner filed two appeals: one seeking review of the trial court's denial of the July 10, 2014, Rule 3.800(a) motion (Resp. Ex. 17; Brown

---

[2] The ninetieth day fell on Sunday, June 8, 2014, so Petitioner had until Monday, June 9, 2014, to file a petition for writ of certiorari with the United States Supreme Court. See Fed. R. Civ. P. 6(a)(1)(C). Also, it is unclear why Respondents erroneously believe the ninety-day timeframe to file a petition for writ of certiorari with the Supreme Court began on March 17, 2014, one week after the First DCA denied Petitioner's request for rehearing. Resp. at 5.

[3] For purposes of this Order, the Court takes judicial notice of Petitioner's state court docket when discussing timeliness. See Fed. R. Evid. 201(b)(2) (a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy" the standard for judicial notice.).

v. State, No. 1D17-2092), and a second appeal seeking review of the trial court's denial of the December 29, 2016, motion (Brown v. State, No. 1D17-1829). The First DCA issued its mandate affirming the trial court's denial of the July 10, 2014, Rule 3.800(a) motion on August 9, 2017 (Resp. Ex. 19), and it issued its mandate affirming the denial of the December 29, 2016, motion on August 11, 2017 (No. 1D17-1829).

However, on May 22, 2017, while those two appeals were still pending, Petitioner filed with the trial court a petition for writ of habeas corpus, which continued the tolling of Petitioner's one-year. Resp. Ex. 21 at 1. The trial court denied the state habeas petition on August 4, 2017. Resp. Ex. 21 at 46. Petitioner appealed the August 4, 2017, order. See Resp. Ex. 22; Brown v. State, No. 1D17-3657. And on February 21, 2018, the First DCA issued a mandate per curiam affirming the trial court's denial. Resp. Ex. 25. Petitioner's one-year resumed the next day, February 22, 2018, and expired 335 days later, on January 23, 2019, without another properly filed motion to toll the limitations period. Petitioner filed the Petition over two years later on April 30, 2021. Doc. 1.

In his Reply, Petitioner argues that the Petition is timely filed. Doc. 5 at 5. In support of this argument, Petitioner seemingly contends that his "Petition for Writ of Mandamus," filed on November 21, 2013 (mailbox rule), and his March 15, 2019 (mailbox rule), "Motion for Extension of Time" were properly

filed motions for tolling purposes. Id. And, thus, his one-year did not begin until the trial court entered its July 23, 2019,[4] order denying the two motions.[5] Id.; see Attachments. But contrary to Petitioner's belief, neither of those motions tolled Petitioner's statute of limitations.

In his November 21, 2013, "Petition for Writ of Mandamus," Petitioner asked the trial court to order trial counsel, the state attorney's office, and the Jacksonville Sheriffs Office to provide him with free copies of documents and evidence used at trial, so he could prepare his Florida Rule of Criminal Procedure 3.850 motion. See Attachments Because the November 21, 2013, petition did not substantively challenge Petitioner's conviction or request relief from his conviction, it was not considered an "application for State post-conviction or other collateral review" for purposes of § 2244(d)(2). See Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004) (holding that to toll the statute of limitations, the application for postconviction review must seek relief from the judgment of conviction); see, e.g., Ramirez v. Sec'y, No. 3:13-cv-979-J-

---

[4] Petitioner states the trial court's order was issued on July 22, 2019 — the date the trial judge signed the order. But the Court refers to this order by using the date it was rendered, July 23, 2019. See Fla. R. App. P. 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.").

[5] The Court did not locate in Respondents' exhibits Petitioner's November 21, 2013, "Petition for Writ of Mandamus"; his March 15, 2019, "Motion for Extension of Time"; or the trial court's July 23, 2019, order dismissing the motions. However, these documents were filed in paper form in Petitioner's state court case. See Brown, No. 2010-CF-8065. Thus, the Court takes judicial notice of these filings, and for ease of reference, attaches the three documents to this Order.

39JRK, 2015 WL 6704312, at *3 (M.D. Fla. Nov. 3, 2015) (finding petition for writ of mandamus asking for free copies of records from trial counsel did not toll limitations period); Williams v. Sec'y, Dept of Corr., No. 8:07-CV-458-T-30EAJ, 2009 WL 1046131, at *2 (M.D. Fla. Apr. 20, 2009) ("[A] public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation."); May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The district court correctly determined that the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and petitions for writs of mandamus relating to those motions."). As such, Petitioner's November 21, 2013, "Petition for Writ of Mandamus" had no tolling effect on his one-year limitations period.

In his March 15, 2019, "Motion for Extension of Time," Petitioner asked for the trial court to allow him to file an untimely Rule 3.850 motion because the trial court's failure to rule on various motions pending since November 21, 2013, hindered his ability to file a timely and sufficient Rule 3.850 motion. See Attachments. But like Petitioner's November 21, 2013, petition, his March 15, 2019, motion also did not meet the criteria of a properly filed application for postconviction relief for tolling purposes under § 2244(d)(2). See Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (holding that, in the context of a Florida state habeas petition, a request for an extension of time to file motions for state postconviction relief did not toll the AEDPA's limitation period); see

also <u>Miller v. Fla. Dep't of Corr.</u>, No. 3:23cv413-LC/MAF, 2023 WL 5960761, at *3 (N.D. Fla. July 20, 2023) (finding motion for an extension of time to file Rule 3.850 motion, which was denied, did not qualify as a tolling motion under § 2244(d)(2)), <u>rep. & recommendation adopted by</u>, 2023 WL 5959431, at *1 (N.D. Fla. Sept. 13, 2023)[6]; <u>Perry v. Sec'y, Dep't of Corr.</u>, No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *2 (M.D. Fla. Jan. 28, 2016) (order dismissing § 2254 petition as untimely, citing <u>Howell</u> and explaining that motion for extension of time to file Rule 3.850 motion did not toll AEDPA one-year limitations period). As such, Petitioner's March 15, 2019, "Motion for Extension of Time" did not toll his one-year limitations period, and the Petition is untimely filed.

Petitioner does not argue that he is entitled equitable tolling, and he alleges no facts supporting due diligence or extraordinary circumstances. <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007); <u>Cadet v. Fla. Dep't of Corr.</u>, 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. <u>See</u> <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.      The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.      The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.      If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[7]

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

---

[7] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

Jax-7

C:      Gerald L. Brown, #032297
         counsel of record

Attachments:
Petitioner's November 21, 2013, "Petition for Writ of Mandamus"
Petitioner's March 15, 2016, "Motion for Extension of Time"
The trial court's July 23, 2019, order